**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXANDER B. BAYOT,

    Petitioner,                          3:14-cv-00206-RCJ-WGC

vs.

                                                **ORDER**

ISIDRO BACA, *et al.*,

    Respondents.

_____/

Introduction

    This habeas corpus action is brought by Alexander B. Bayot, a Nevada prisoner. The respondents have filed a motion to dismiss. The court will grant the motion to dismiss, and will dismiss Grounds 1, 2, 3, and 7 of Bayot's habeas petition. The court will deny a "Motion to Show Cause, or in the Alternative, Motion for Default Judgment" filed by Bayot.

Background

    On October 5, 2011, Bayot was convicted following a jury trial, in Nevada's Eighth Judicial District Court, of eleven counts of forgery and one count of conspiracy to commit forgery. *See* Judgment of Conviction, Exhibit 41 (the exhibits referred to in this order were filed by respondents and are located in the record at ECF Nos. 13-17). He was adjudicated an habitual criminal, and was sentenced to 8 to 20 years in prison. *See id.*; *see also* Reporter's Transcript, September 13, 2011

(ECF No. 39). Bayot appealed, and the Nevada Supreme Court affirmed on November 15, 2012. *See* Order of Affirmance, Exhibit 58.

On April 18, 2013, Bayot filed a post-conviction petition for writ of habeas corpus in state court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 69. The state district court denied the petition, in a written order, on September 9, 2013. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 84. Bayot appealed, and the Nevada Supreme Court affirmed the denial of his petition on March 12, 2014. *See* Order of Affirmance, Exhibit 96.

This court received Bayot's federal habeas corpus petition, initiating this action *pro se*, on April 7, 2014 (ECF Nos. 1, 7). Bayot's habeas petition asserts thirteen grounds for relief.

On January 29, 2015, respondents filed a motion to dismiss (ECF No. 12), arguing that Ground 1 of Bayot's petition is not cognizable in this federal habeas corpus action, and that Grounds 2, 3, and 7 are unexhausted in state court.

On February 13, 2015, Bayot filed an opposition to the motion to dismiss (ECF No. 20). Bayot argues that Ground 1 is cognizable in this action. With respect to Grounds 2, 3, and 7, Bayot appears to concede that those claims are unexhausted in state court, and he states: "To avoid any further delay in this petition, Petitioner moves to withdraw Grounds Two, Three, and Seven from this petition." Opposition to Motion to Dismiss (ECF No. 20), p. 4.

On March 23, 2015, Bayot filed a "Motion to Show Cause, or in the Alternative, Motion for Default Judgment" (ECF No. 23). Respondents filed an opposition to that motion on March 30, 2015 (ECF No. 24).

Discussion

Grounds 2, 3, and 7

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the

claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

The court has examined the record with respect to Grounds 2, 3, and 7, and determines that those claims are unexhausted in state court. The court will, therefore, accept Bayot's abandonment of Grounds 2, 3, and 7.

With respect to those claims, then, respondents' motion to dismiss will be granted. Grounds 2, 3, and 7 of Bayot's habeas petition will be dismissed.

Ground 1

In Ground 1, Bayot claims that his Fourth Amendment rights were violated by an unconstitutional search. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 3-4.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure, so long as the state court provided the petitioner with an "opportunity for full and fair litigation of [the] Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir.2005). The only inquiry this court can make is whether the petitioner had a full and fair opportunity to litigate his claim in state court, not whether petitioner did litigate the claim, nor even whether the state court correctly decided the claim. *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996); *see also Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir.1990) (holding that because a California statute provided an opportunity to challenge evidence, dismissal under *Stone* was necessary even though the petitioner never moved to suppress the evidence).

In this case, there is no showing that Bayot did not have a full and fair opportunity to litigate, in state court, his claim that he was subjected to an unconstitutional search. In fact, Bayot did,

before his trial, unsuccessfully litigate a motion to suppress evidence obtained in the search that he challenges. *See* Defendant's Motion to Suppress and Motion for an Evidentiary Hearing, Exhibit 18; State's Opposition to Defendant's Motion to Suppress and Motion for an Evidentiary Hearing, Exhibit 19; Transcript of Evidentiary Hearing on Defendant's Motion to Suppress, February 28, 2011, Exhibit 21.  In addition, following his jury trial, Bayot unsuccessfully litigated a motion for new trial, arguing that a new trial was necessary on account of alleged newly discovered evidence bearing on the legality of the search. *See* Motion for New Trial, or, in the Alternative, for Evidentiary Hearing, Exhibit 35; State's Opposition to Defendant's Motion for New Trial and in the Alternative for an Evidentiary Hearing, Exhibit 37; Transcript of Hearing Regarding Motion for New Trial, or, in the Alternative, for Evidentiary Hearing, Exhibit 39.  On Bayot's direct appeal, the Nevada Supreme Court affirmed the state district court's denial of both the motion to suppress and the motion for new trial. *See* Order of Affirmance, Exhibit 58.  The Nevada Supreme Court stated: "We conclude that the inventory search did not violate the federal and state constitutions and did not err by denying Bayot's suppression motion." *Id*. at 2.

Bayot was given a full and fair opportunity, in state court, to litigate the constitutionality of the search.  Therefore, his claim in Ground 1 in his habeas petition in this case is barred by the doctrine of *Stone v. Powell*.  The court will grant respondents' motion to dismiss with respect to Ground 1.  Ground 1 of Bayot's habeas petition will be dismissed.

<u>Bayot's Motion</u>

In his "Motion to Show Cause, or in the Alternative, Motion for Default Judgment," Bayot moves the court for an order to show cause why his petition should not be granted for failure of the respondents to respond to Grounds 4, 5, 6, 8, 9, 10, 11, 12, and 13.  *See* Motion to Show Cause, or in the Alternative, Motion for Default Judgment (ECF No. 23).

The court has not yet required respondents to respond to those claims (this order will require them to do so).  Bayot's motion will be denied.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 12) is **GRANTED**. Grounds 1, 2, 3, and 7 of the petition for writ of habeas corpus (ECF No. 7) are dismissed.

**IT IS FURTHER ORDERED** that respondents shall have **60 days** to file an answer, responding to the remaining claims in the habeas petition (ECF No. 7), which are Grounds 4, 5, 6, 8, 9, 10, 11, 12, and 13. After respondents file an answer, petitioner shall have **60 days** to file a reply.

**IT IS FURTHER ORDERED** that petitioner's Motion to Show Cause, or in the Alternative, Motion for Default Judgment (ECF No. 23) is **DENIED**.

Dated this 1st day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE