1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                        **DISTRICT OF NEVADA**

7

8    ALEXANDER B. BAYOT,

9         Petitioner,                          3:14-cv-00206-RCJ-WGC

10   vs.
                                               **ORDER**
11   ISIDRO BACA, *et al.*,

12        Respondents.

13   _____/

14

15   Introduction

16        This action is a petition for writ of habeas corpus by Alexander B. Bayot, a Nevada prisoner.

17   The action is before the court with respect to the claims remaining in Bayot's petition.  The court

18   will deny Bayot's petition for writ of habeas corpus.

19   Background

20        On October 5, 2011, Bayot was convicted, following a jury trial, in Nevada's Eighth Judicial

21   District Court, of eleven counts of forgery and one count of conspiracy to commit forgery.  *See*

22   Judgment of Conviction, Exhibit 41 (the exhibits referred to in this order were filed by respondents

23   and are located in the record at ECF Nos. 13-17).  He was adjudicated an habitual criminal, and was

24   sentenced to eleven concurrent sentences of eight to twenty years in prison, and an additional

25   concurrent twelve month sentence.  *See id.*; *see also* Reporter's Transcript, September 13, 2011,

26   Exhibit 39.

1    The evidence at Bayot's trial revealed that on November 30, 2010, at a convenience

2  store in Las Vegas called "Pump N Snack," Bayot and an individual named Anthony Wayne

3  Abraham attempted to purchase fuel with a counterfeit twenty dollar bill.  *See* Testimony of Afshin

4  Kazemi, Transcript of Trial, February 28, 2011, Exhibit 22, pp. 151-65.  The cashier at Pump N

5  Snack recognized the bill as counterfeit and called the police.  *See id*.  When the police arrived,

6  they determined that the bill was counterfeit.  *See* Testimony of Zachary L. Baughman,

7  Transcript of Trial, March 1, 2011, Exhibit 24, pp. 6-22; Testimony of John Leon, Transcript of

8  Trial, March 1, 2011, Exhibit 24, pp. 29-42; Testimony of Jeremiah Ballejos, Transcript of Trial,

9  March 1, 2011, Exhibit 24, pp. 81-100; Testimony of Charles McKay, Transcript of Trial,

10  March 1, 2011, Exhibit 24, pp. 101-12.  The police also determined that there were outstanding

11  warrants for Bayot's arrest, concerning misdemeanor traffic offenses, and he was placed under arrest.

12   *See id*.  The police also learned that the vehicle that Bayot drove to the Pump N Snack store was not

13  registered, and, in addition, they observed that there was a fake temporary movement permit

14  displayed on the vehicle; the police, therefore, determined that the vehicle would be towed and

15  impounded.  *See id*.  The police then conducted an inventory search of the vehicle.  *See id*.  During

16  the inventory search, the police found 36 more counterfeit bills of various denominations.  *See id*.

17    Bayot appealed his conviction to the Nevada Supreme Court, and that court affirmed on

18  November 15, 2012.  *See* Order of Affirmance, Exhibit 58.

19    On April 18, 2013, Bayot filed a post-conviction petition for writ of habeas corpus in state

20  court.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 69.  The state district court

21  denied the petition, in a written order, on September 9, 2013.  *See* Findings of Fact, Conclusions of

22  Law and Order, Exhibit 84.  Bayot appealed, and the Nevada Supreme Court affirmed the denial of

23  his petition on March 12, 2014.  *See* Order of Affirmance, Exhibit 96.

24    This court received Bayot's federal habeas corpus petition, initiating this action *pro se*, on

25  April 7, 2014.  Bayot's habeas petition asserts thirteen grounds for relief.  *See* Petition for Writ of

26  Habeas Corpus (ECF No. 7).

2

1    On January 29, 2015, respondents filed a motion to dismiss, seeking dismissal of four of

2    Bayot's claims (ECF No. 12).  On June 1, 2015, the court granted the motion to dismiss, and

3    dismissed Grounds 1, 2, 3, and 7 of Bayot's petition.  *See* Order entered June 1, 2015 (ECF No. 25).

4    On July 30, 2015, the respondents filed an answer, responding to Bayot's remaining claims

5    (ECF No. 26).  Bayot filed a reply on August 20, 2015 (ECF No. 27).

6    On September 16, 2015, Bayot filed a motion for appointment of counsel (ECF No. 29), and

7    a  Motion to Extend Prison Copywork Limit (ECF No. 30).  Respondents filed an opposition to the

8    motion for appointment of counsel on September 18, 2015 (ECF No. 31).

9    Discussion

10   28 U.S.C. § 2254(d) sets forth the primary standard of review applicable in this case under

11   the Antiterrorism and Effective Death Penalty Act (AEDPA):

12       An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to any
13       claim that was adjudicated on the merits in State court proceedings unless the
         adjudication of the claim --
14
15       (1)  resulted in a decision that was contrary to, or involved an unreasonable
         application of, clearly established Federal law, as determined by the Supreme Court
         of the United States; or
16
17       (2)  resulted in a decision that was based on an unreasonable determination of
         the facts in light of the evidence presented in the State court proceeding.

18   28 U.S.C. § 2254(d).

19   A state court decision is contrary to clearly established Supreme Court precedent, within the

20   meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set

21   forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

22   indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

23   different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)

24   (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694

25   (2002)).

26

3

1       A state court decision is an unreasonable application of clearly established Supreme Court

2  precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

3  governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

4  principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S.

5  at 413). The "unreasonable application" clause requires the state court decision to be more than

6  incorrect or erroneous; the state court's application of clearly established law must be objectively

7  unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

8       The Supreme Court has instructed that "[a] state court's determination that a claim lacks

9  merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness

10  of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011) (citing

11  *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a

12  strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*.

13  (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398

14  (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for

15  evaluating state-court rulings, which demands that state-court decisions be given the benefit of the

16  doubt" (internal quotation marks and citations omitted)).

17       <u>Ground 4</u>

18       In Ground 4 of his habeas petition, Bayot claims that his federal constitutional rights were

19  violated because he was tried on redundant and multiplicitous counts. *See* Petition for Writ of

20  Habeas Corpus (ECF No. 7), pp. 9-9A. Specifically, Bayot claims that it was a violation of his

21  federal constitutional right to be free of double jeopardy, for the State to charge him with eleven

22  counts of forgery based on the 37 counterfeit bills that he possessed. *See id*.

23       On Bayot's direct appeal, the Nevada Supreme Court ruled on this claim, as follows:

24            Bayot contends that the district court erred by denying his motion to strike
seven of the eleven forgery counts because they are multiplicitous. "An [information]
that charges a single offense in several counts violates the rule against multiplicity."

25  *Bedard v. State*, 118 Nev. 410, 413, 48 P.3d 46, 47-48 (2002). "The general test for
multiplicity is that offenses are separate if each requires proof of an additional fact the

26  other does not." *Gordon v. District Court*, 112 Nev. 216, 229, 913 P.2d 240, 249

1  (1996).  Here, the State consolidated Bayot's unlawful possession of 37 counterfeit
2  bills into eleven forgery counts.  Because possession of each bill had to be proven
   independently of all other bills, each forgery count required proof of a different fact.
3  *See United States v. Adriatico*, 637 F. Supp. 105, 106 (D.Nev. 1986) ("'The keeping,
   just as the making and the passing, of each forged note, is, or may be treated as, a
4  separate and distinct offense.'" (quoting *Logan v. United States*, 123 F. 291, 293 (6th
   Cir. 1903))).  Therefore, the forgery counts were not multiplicitous and we conclude
5  that the district court did not err by denying Bayot's motion to strike.

6  Order of Affirmance, Exhibit 58, pp. 3-4.

7       Bayot has not cited, and the court is unaware of any, Supreme Court precedent to the

8  contrary.  Indeed, respondents cite to a lower federal court ruling, and to state supreme court rulings,

9  to the effect that it is not a violation of the double jeopardy clause for a defendant to be charged with

10  a separate count of forgery for each counterfeit bill possessed.  *See* Answer (ECF No. 26), p. 5, citing

11  *Logan v. U.S.*, 123 F. 291, 293 (6th Cir. 1903); *People v. Kenefick*, 170 Cal. App. 4th 114, 122-24,

12  87 Cal. Rptr. 3d 773, 778-80 (2009) (reaffirming the "rule of one count of forgery per instrument");

13  *State v. Zaitseva*, 135 Idaho 11, 14, 13 P.3d 338, 341 (2000); *State v. Green*, 207 W.Va. 530, 534-38,

14  534 S.E.2d 395, 399-403 (2000).  The Nevada Supreme Court's ruling on this claim was not contrary

15  to, or an unreasonable application of, Supreme Court precedent.  The court will deny Bayot habeas

16  corpus relief with respect to Ground 4.

17       <u>Ground 5</u>

18       In Ground 5, Bayot claims that his federal constitutional rights were violated in that he

19  received ineffective assistance of his trial counsel, because of his trial counsel's failure to offer, at a

20  pre-trial hearing, certain evidence regarding the inventory search of his vehicle.  *See* Petition for Writ

21  of Habeas Corpus, pp. 11-11A.  According to Bayot, the officers who conducted the inventory search

22  of his vehicle failed to inventory several items that were in the vehicle, and his counsel was

23  ineffective for failing to offer evidence of that in the pre-trial proceedings regarding the legality of

24  the search.  *See id*.

25       It is well established that when a vehicle is lawfully impounded, the police may, consistent

26  with the Fourth Amendment, conduct an inventory search of the vehicle.  *South Dakota v.*

5

1   *Opperman*, 428 U.S. 364 (1976).  Such searches are deemed reasonable because they serve to protect

2   an owner's property while it is in police custody, to protect police against claims of lost or stolen

3   property, and to protect police from potential danger.  *Id*. at 369; *see also Colorado v. Bertine*, 479

4   U.S. 367, 372 (1987).  However, inventory searches must be carried out in accordance with standard

5   procedures in order to ensure that the search is "limited in scope to the extent necessary to carry out

6   the caretaking function" and not a pretext for an investigatory search.  *Id*. at 375; *see also Florida v.*

7   *Wells*, 495 U.S. 1, 4 (1990); *United States v. Ramos-Oseguera*, 120 F.3d 1028, 1036 (9th Cir. 1997),

8   *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).  The policy

9   or practice of a law enforcement agency governing inventory should be designed to produce an

10  inventory; the individual police officer must not be allowed so much discretion that an inventory

11  search becomes a "purposeful and general means of discovering evidence of a crime."  *Florida v.*

12  *Wells*, 495 U.S. at 4.

13          In this case, before trial, on February 15, 2011, Bayot's counsel filed on his behalf a motion

14  to suppress evidence found during the inventory search of his vehicle, on the ground that the

15  inventory search was a pretext for a general search for evidence of crime.  *See* Defendant's Motion to

16  Suppress and Request for an Evidentiary Hearing, Exhibit 18.  The trial court held an evidentiary

17  hearing regarding that motion on February 28, 2011.  *See* Recorder's Transcript, February 28, 2011,

18  Exhibit 21.  At the conclusion of the evidentiary hearing, the trial court denied the motion to

19  suppress, ruling that the inventory search was legal.  *See id*. at 72-75.

20          In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two

21  prong test for analysis of claims of ineffective assistance of counsel:  the petitioner must demonstrate

22  (1) that the defense attorney's representation "fell below an objective standard of reasonableness,"

23  and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a

24  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

25  would have been different."  *Strickland*, 466 U.S. at 688, 694.  A court considering a claim of

26  ineffective assistance of counsel must apply a "strong presumption" that counsel's representation

6

1   was within the "wide range" of reasonable professional assistance.  *Id.* at 689.  The petitioner's

2   burden is to show "that counsel made errors so serious that counsel was not functioning as the

3   'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  And, to establish

4   prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had

5   some conceivable effect on the outcome of the proceeding."  *Id* at 693.  Rather, the errors must be

6   "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687.

7         Where a state court has adjudicated a claim of ineffective assistance of counsel, under

8   *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult.

9   *See Harrington*, 562 U.S. at 104-05.  In *Harrington*, the Supreme Court instructed:

10        The standards created by *Strickland* and § 2254(d) are both highly deferential,
    [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct.

11  2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly"
    so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)].  The *Strickland* standard is a

12  general one, so the range of reasonable applications is substantial.  556 U.S., at 123,
    129 S.Ct. at 1420.  Federal habeas courts must guard against the danger of equating

13  unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When
    § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The

14  question is whether there is any reasonable argument that counsel satisfied
    *Strickland*'s deferential standard.

15

16  *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (9th Cir. 2010)

17  (acknowledging double deference required for state court adjudications of *Strickland* claims).

18        In analyzing a claim of ineffective assistance of counsel, under *Strickland*, a court may first

19  consider either the question of deficient performance or the question of prejudice; if the petitioner

20  fails to satisfy one prong, the court need not consider the other.  *See Strickland*, 466 U.S. at 697.

21        Bayot asserted this claim in his state habeas petition.  *See* Petition for Writ of Habeas Corpus,

22  Exhibit 69, pp. 8-8F.  The state district court ruled:

23        In Ground 1, Defendant's claim that trial counsel was ineffective for failing to
    introduce photographic evidence and a report detailing additional items defense

24  private investigator, Howard L. Saxon, found when he conducted a search of
    Defendant's vehicle is also without merit.  *See* Defense Exhibit 1.  First, the decision

25  of whether or not to introduce evidence is a strategic decision left to the attorney.
    Further, Defendant has failed to make a showing of how the additional evidence was

26  relevant or how it would have rendered a more favorable outcome reasonably

1    probable at trial.  Defendant has therefore failed to show how he was prejudiced by
     exclusion of the evidence.

2

3    Findings of Fact, Conclusions of Law and Order, Exhibit 84, pp. 3-4.  On the appeal in the state

4    habeas action, the Nevada Supreme Court ruled, as follows, on this claim:

5            First, appellant claimed that his trial counsel was ineffective for failing to
         present evidence found in the vehicle by the defense's private investigator, such as 28
6        coins, a Rolex watch, a pack of gum, a big marker pen, and a compact disc.
         Appellant failed to demonstrate that his trial counsel's performance was deficient or
7        that he was prejudiced.  Appellant failed to demonstrate that his counsel's
         performance was objectively unreasonable as he failed to demonstrate the relevance
8        of the items.  Additionally, appellant failed to demonstrate that admission of the
         additional items found by the private investigator would have had a reasonable
9        probability of changing the outcome of the proceedings.  Therefore, the district court
         did not err in denying this claim.

10

11   Order of Affirmance, Exhibit 96, p. 2.

12           In this court's view, the state courts' ruling was reasonable.  Evidence that the inventory

13   search was not perfectly thorough would not have changed the outcome.  It was plain that Bayot was

14   subject to arrest based on outstanding arrest warrants, and that his vehicle was to be towed and

15   impounded, and, therefore, that the inventory search was called for.  There was evidence that the

16   police officers did conduct an inventory of the vehicle, and followed established practices in doing

17   so.  Furthermore, it is notable that the sort of items found in the vehicle during the inventory search

18   and used as evidence against Bayot at trial -- paper money -- was exactly the kind of material that an

19   inventory search is meant to uncover.

20           Moreover, the private investigator did his search of the vehicle and found the items that are

21   the subject of this claim on February 26, 2011, just two days before trial.  *See* Report of VTI

22   Associates, attached as Exhibit 1 to Petition for Writ of Habeas Corpus (ECF No. 7).  The private

23   investigator's report was not available on February 15, 2011, at the time of the pre-trial hearing

24   regarding the legality of the inventory search.  Furthermore, the private investigator's search of the

25   vehicle was done after the vehicle had been returned from impound to Bayot's residence, and after it

26

1    could possibly have been altered. *See id.* ("[T]he vehicle has remained essentially untouched in the

2    garage.").

3         In short, the Nevada Supreme Court's ruling, to the effect that this evidence, suggesting the

4    inventory search was not thorough, would have had no significant effect on the trial court's ruling

5    that the inventory search was legal, and that Bayot's trial counsel was not ineffective for failing to

6    offer such evidence at the pre-trial hearing regarding the search, was not unreasonable. The Nevada

7    Supreme Court's ruling on this claim was not contrary to, or an unreasonable application of,

8    Supreme Court precedent. The court will deny Bayot habeas corpus relief with respect to Ground 5.

9         <u>Ground 6</u>

10        In Ground 6, Bayot claims that his federal constitutional rights were violated in that he

11   received ineffective assistance of his trial counsel, because of his trial counsel's failure to investigate

12   and examine certain evidence seized from his vehicle by police officers, specifically, a computer bag

13   and items found inside it. *See* Petition for Writ of Habeas Corpus, pp. 13-13A. As the court

14   understands Bayot's claim, it is that certain items in the computer bag, not found by the police

15   officers during their inventory search, were only first discovered in the computer bag during trial,

16   and his trial counsel was ineffective for failing to investigate those items, and perhaps moving for a

17   mistrial based on their discovery. *See id.*

18        Bayot asserted such a claim in his state habeas action. *See* Petition for Writ of Habeas

19   Corpus, Exhibit 69, pp. 8-8F. The state district court ruled on this claim, as follows:

20             Defendant's claim that trial counsel was ineffective for failing to investigate,
             examine, and/or locate additional items in Defendant's computer bag, that LVMPD
21           overlooked in their search of the bag, and for failing to seek a mistrial based on the
             additional evidence, is without merit. *See* Ground 1, p. 8-C. Defendant has failed to
22           show that the items overlooked during the search had any exculpatory value, and he
             cannot show that counsel erred in failing to examine or investigate these items. As
23           such, Defendant fails to show that trial counsel's representation regarding the
             inventory error was unreasonable and that he was prejudiced as a result.

24

25   Findings of Fact, Conclusions of Law and Order, Exhibit 84, p. 4. On the appeal in the state habeas

26   action, the Nevada Supreme Court ruled, as follows, on this claim:

1    Second, appellant claimed that his trial counsel was ineffective for failing to
     examine all the evidence seized by the investigating officer, specifically the computer
2    bag, and for failing to move for a mistrial when it was discovered that the computer
     bag contained more items than were listed on the officers' reports, thereby
3    demonstrating the officers did not conduct an honest inventory.  Appellant failed to
     demonstrate deficiency or prejudice.  Counsel filed a motion to suppress the evidence
4    found in the car, arguing that the inventory search morphed into an improper search
     for evidence, but the district court denied the motion.  When the additional items in
5    the computer bag were discovered, counsel again argued that the officers improperly
     searched the vehicle, but the district court disagreed.  We affirmed the district court's
6    decision.  *Bayot v. State*, Docket No. 59410 (Order of Affirmance, November 15,
     2012).  Appellant failed to demonstrate that counsel's discovery of the items in the
7    computer bag and counsel's moving for a mistrial would have had a reasonable
     probability of changing the outcome of the proceedings.  Therefore, the district court
8    did not err in denying this claim.

9    Order of Affirmance, Exhibit 96, pp. 2-3.

10   The court finds the Nevada Supreme Court's ruling with regard to this claim to be

11   reasonable.  Bayot does not demonstrate that he was prejudiced by his trial counsel's failure to

12   investigate the items found in the computer bag that were not discovered during the inventory search.

13   Evidence showing that the police officers overlooked some items in the computer bag during their

14   inventory search would have had little bearing on the question of the legality of the inventory search.

15   Bayot's trial counsel was not ineffective for failing to investigate those items, or for failing to make a

16   motion for mistrial based on their discovery.  The Nevada Supreme Court's ruling on this claim was

17   not contrary to, or an unreasonable application of, Supreme Court precedent.  The court will deny

18   Bayot habeas corpus relief with respect to Ground 6.

19        Ground 8

20        In Ground 8, Bayot claims that his federal constitutional rights were violated in that he

21   received ineffective assistance of his trial counsel, because of his trial counsel's failure to report and

22   investigate items that were in his vehicle when it was inventoried by the police officers, but that were

23   subsequently lost or stolen, including a bottle of medication, a glass smoking pipe, a vehicle title,

24   and a black backpack containing clothing and jewelry.  *See* Petition for Writ of Habeas Corpus,

25   pp. 17-17A.

26

10

1    Bayot asserted such a claim in his state habeas action.  *See* Petition for Writ of Habeas

2    Corpus, Exhibit 69, pp. 8-8F.  The Nevada Supreme Court ruled on this claim, as follows:

3            Third, appellant claimed that his trial counsel was ineffective for failing to
         investigate the missing items that were taken into evidence, such as a vehicle title, bill
4        of sale, bottle of prescription medication, a glass smoking pipe, and a black backpack.
         Appellant failed to demonstrate that his counsel's performance was deficient or that
5        he was prejudiced.  Appellant failed to demonstrate that his counsel's performance
         was objectively unreasonable as he failed to demonstrate the relevance of the items.
6        The officers found counterfeit bills in the center console and in the trunk of the
         vehicle, and appellant admitted the bills were his.  Additionally, appellant failed to
7        demonstrate that investigation of the missing items would have had a reasonable
         probability of changing the outcome of the proceedings.  Therefore, the district court
8        did not err in denying this claim.

9    Order of Affirmance, Exhibit 96, p. 3.

10    Bayot does not show any relevance that the alleged loss of these items would have had to

11    either the question of his guilt or innocence, or the question whether the inventory search was legal.

12    These items were allegedly lost or stolen after the inventory search was completed.  And, there is no

13    indication that these items had any evidentiary value vis-a-vis the charges against Bayot.  Bayot's

14    trial counsel was not ineffective for failing to report and investigate these alleged missing items.  The

15    Nevada Supreme Court's ruling on this claim was not contrary to, or an unreasonable application of,

16    Supreme Court precedent.  The court will deny Bayot habeas corpus relief with respect to Ground 8.

17    Ground 9

18    In Ground 9, Bayot claims that his federal constitutional rights were violated in that he

19    received ineffective assistance of his trial counsel, because of his trial counsel's failure to cross

20    examine prosecution witness Afshin Kazemi regarding his identification of Bayot at trial.  *See*

21    Petition for Writ of Habeas Corpus, pp. 19-19A.  Bayot argues that, at his preliminary hearing,

22    Kazemi could not identify him, but at trial he did so; Bayot argues that his counsel should have

23    cross-examined Kazemi with respect to the discrepancy.  *See id*.

24    Bayot raised a somewhat similar claim in his state habeas action -- asserting there that his

25    counsel should have objected to Kazemi's identification of him at trial.  *See* Petition for Writ of

26    Habeas Corpus, Exhibit 69, pp. 9-9D.  The state district court denied that claim, ruling as follows:

1

2          Defendant's claim that counsel was ineffective for failing to object to a
    witness's in-court identification of Defendant, because that witness, store clerk
    Afshin Kazemi, struggled to identify Defendant during the preliminary hearing is

3   without merit and unpersuasive.  Defendant has failed to show what objection counsel
    should have made when the witness unequivocally identified Defendant at trial.
    Further, several other witnesses also identified Defendant, so Defendant has failed to

4   show prejudice from counsel's failure to object to this particular witness's
    identification.

5

6   Findings of Fact, Conclusions of Law and Order, Exhibit 84, p. 5.  On the appeal in the state habeas

7   action, the Nevada Supreme Court ruled, as follows, on this claim:

8          Ninth, appellant claimed that his trial counsel was ineffective for failing to
    object when the store clerk identified appellant at trial but could not identify appellant

9   at the preliminary hearing.  Appellant failed to demonstrate deficiency or prejudice.
    Appellant failed to articulate what objections counsel should have made to the

10  identification.  *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984)
    (holding that a petitioner is not entitled to relief on claims unsupported by any

11  specific factual allegations).  Furthermore, appellant failed to demonstrate that an
    objection to the identification would have had a reasonable probability of changing

12  the outcome of the proceedings.  After the store clerk refused to accept the bill from
    the codefendant, appellant and the codefendant remained at the store until the officers

13  arrived.  Appellant admitted to the officers that he gave the counterfeit bill to the
    codefendant to purchase gas from the store clerk.  Therefore, the district court did not

14  err in denying this claim.

15  Order of Affirmance, Exhibit 96, p. 5.

16         The record reflects that Kazemi had difficulty identifying Bayot at the preliminary hearing,

17  but was able to identify him at trial.  *See* Reporter's Transcript of Preliminary Hearing, Exhibit 3,

18  pp. 11-12, 21-22; Transcript of Trial, February 28, 2011, Exhibit 22, pp. 152-54.  However, this

19  discrepancy, if pointed out at trial, would have been of no significance; there was no issue at trial

20  regarding the identification of Bayot.  This claim is, for that reason, wholly without merit.  Bayot's

21  trial counsel was not ineffective for failing to cross-examine Kazemi regarding his identification of

22  Bayot.  The court will deny Bayot habeas corpus relief with respect to Ground 9.

23         Grounds 10 and 11

24         In Ground 10, Bayot claims that his federal constitutional rights were violated in that he

25  received ineffective assistance of his trial counsel, because of his trial counsel's failure to investigate

26  a letter from the Las Vegas Metropolitan Police Department Internal Affairs Bureau, regarding a

12

1   policy violation committed by an officer who investigated his case.  *See* Petition for Writ of Habeas

2   Corpus, pp. 21-21A.  And, in Ground 11, Bayot claims that his federal constitutional rights were

3   violated in that he received ineffective assistance of his trial counsel, because of his trial counsel's

4   failure to present, as evidence, a letter from the Las Vegas Metropolitan Police Department Citizens

5   Review Board, regarding a policy violation committed by an officer who investigated his case.  *See*

6   *id*. at 23-23A (Copies of the letters Bayot refers to in these claims are attached as Exhibit 2 to his

7   habeas petition (ECF No. 7).)

8          On his direct appeal, Bayot argued that the trial court erred in not granting a new trial based

9   on the letters from the Las Vegas Metropolitan Police Department Internal Affairs Bureau and the

10  Las Vegas Metropolitan Police Department Citizens Review Board, which he characterized as new

11  evidence.  *See* Appellant's Fast Track Statement, Exhibit 56, pp. 7-10.  With respect to that claim, on

12  Bayot's direct appeal, the Nevada Supreme Court ruled:

13              Bayot contends that the district court erred by denying his motion for a new
           trial based on newly-discovered evidence -- a response to the complaint he filed with
14         the LVMPD Citizen Review Board after the jury rendered its verdict.  We review a
           district court's ruling on a motion for a new trial for an abuse of discretion.  *Servin v.*
15         *State*, 117 Nev. 775, 792, 32 P.3d 1277, 1289 (2001).  The district court heard
           argument on the motion and found that (1) the Citizens Review Board letter was not
16         newly-discovered evidence -- it was a conclusion based on evidence that was
           presented to the jury. [Footnote: The letter stated that, "Based on your complaint and
17         a thorough investigation, a policy violation was found to be sustained," and noted
           that, "We are unable to disclose which policy violation was sustained as such matters
18         are confidential by law."]  The district court determined that Bayot failed to meet all
           seven of the *Hennie* factors and denied the motion.  *See Hennie v. State*, 114 Nev.
19         1285, 1290, 968 P.2d 761, 764 (1998).  We conclude that the district court did not
           abuse its discretion in this regard.

20

21  Order of Affirmance, Exhibit 58, pp. 4-5.

22          Later, in his state habeas action, Bayot asserted ineffective assistance of counsel claims like

23  those in Grounds 10 and 11.  *See* Petition for Writ of Habeas Corpus, Exhibit 69, pp. 8-8F.  On the

24  appeal in the state habeas action, the Nevada Supreme Court ruled, as follows, on those claims:

25              Fifth, appellant claimed that his trial counsel was ineffective for failing to
           present into evidence letters he received in response to the complaint he filed with the
26         LVMPD Citizen Review Board after the jury rendered its verdict.  Appellant raised
           the issue fo the Citizen Review Board letter on direct appeal.  *Bayot v. State*, Docket

13

1    No. 59410 (Order of Affirmance, November 15, 2012).  Appellant failed to
     demonstrate deficiency or prejudice, as we concluded the underlying claim lacked
2    merit.  Therefore, the district court did not err in denying this claim.

3            Sixth, appellant claimed that his trial counsel was ineffective for failing to
     investigate the Citizen Review Board letter and police misconduct.  Appellant failed
4    to demonstrate that counsel's performance was deficient or that he was prejudiced.
     Counsel argued in his pretrial motion to suppress that the police conducted an illegal
5    search of the vehicle and that their sloppiness in conducting the inventory search only
     reinforced his argument that the inventory search was merely a ruse to search for
6    evidence in the car without a search warrant.  The district court denied the motion to
     suppress, and we affirmed on appeal.  *Bayot v. State*, Docket No. 59410 (Order of
7    Affirmance, November 15, 2012).  Appellant failed to demonstrate that counsel's
     performance was objectively unreasonable when counsel did not investigate the
8    Citizen Review Board letter, received after the jury rendered its verdict.  Further,
     appellant failed to demonstrate that investigation would have had a reasonable
9    probability of changing the outcome of the proceedings.  Therefore, the district court
     did not err in denying this claim.

10

11   Order of Affirmance, Exhibit 96, pp. 3-4.

12           This court agrees with the Nevada Supreme Court that the letters from the Las Vegas

13   Metropolitan Police Department Citizens Review Board and the Las Vegas Metropolitan Police

14   Department Internal Affairs Bureau did not constitute new evidence supporting Bayot's

15   position that the inventory search of his vehicle was illegal.  The letters do not indicate with any

16   specificity what policy violation was found.   Bayot does not show that his counsel was ineffective,

17   or that he was prejudiced, with regard to his counsel's handling of the response to Bayot's complaint

18   to the police department.  The Nevada Supreme Court's ruling on these claims was not contrary to,

19   or an unreasonable application of, Supreme Court precedent.  The court will deny Bayot habeas

20   corpus relief with respect to Grounds 10 and 11.

21           Ground 12

22           In Ground 12, Bayot claims that his federal constitutional rights were violated in that he

23   received ineffective assistance of his trial counsel, because of his trial counsel's failure to examine

24   and investigate, and challenge, an abstract of judgment offered by the prosecution at the sentencing

25   hearing to show a prior conviction.  *See* Petition for Writ of Habeas Corpus, pp. 25-25A.

26

1      Bayot asserted such a claim in his state habeas action.  *See* Petition for Writ of Habeas

2   Corpus, Exhibit 69, pp. 9-9D.  The state district court denied that claim, ruling as follows:

3          Defendant's claim in Ground 2 that counsel was ineffective for failing to
       examine the Judgments of Conviction upon which Defendant's habitual offender
4      sentencing enhancements were based is without merit.  *See* Ground 2, p. 9.
       Defendant's sentence as a habitual offender was previously addressed in Defendant's
5      Motion to Modify his sentence on March 5, 2013.  *See* Minutes, March 5, 2013.  At
       that time this Court noted not only that Defendant's challenge to his sentence on this
6      ground was waived because he failed to raise it on direct appeal, but also "... there
       was nothing improper about the sentence he was given.  Court advised Defendant had
7      multiple priors and that two certified Judgments of Conviction were presented at the
       time of sentencing."  *Id*.  Therefore Defendant has not shown prejudice.

8

9   Findings of Fact, Conclusions of Law and Order, Exhibit 84, pp. 4-5.  On the appeal in the state

10  habeas action, the Nevada Supreme Court ruled, as follows, on this claim:

11         Seventh, appellant claimed that his trial counsel was ineffective for failing to
       examine the judgments of conviction used for habitual criminal adjudication.
12     Appellant failed to demonstrate that he was prejudiced as he failed to demonstrate
       that further examination by counsel would have had a reasonable probability of
13     changing the outcome of the proceedings.  Therefore, the district court did not err in
       denying this claim.

14

15  Order of Affirmance, Exhibit 96, p. 4.

16     The essence of this claim is that Bayot's counsel was ineffective for not challenging the proof

17  of one of his prior felony convictions on the ground that the prosecution presented an abstract of

18  judgment rather than an actual certified judgment of conviction.  However, Bayot does not point to

19  any Nevada law requiring that the prior felony conviction be proven in any particular manner.  The

20  ruling of the Nevada Supreme Court undermines Bayot's argument, with respect to the requirements

21  of Nevada law.  Bayot was not prejudiced by his trial counsel's failure to challenge the proof of his

22  prior felony convictions.  The Nevada Supreme Court's ruling on this claim was not contrary to, or

23  an unreasonable application of, Supreme Court precedent.  The court will deny Bayot habeas corpus

24  relief with respect to Ground 12.

25

26

15

Ground 13

In Ground 13, Bayot claims that his federal constitutional rights were violated in that he received ineffective assistance of his trial counsel, because of counsel's failure to object to prosecutorial misconduct. *See* Petition for Writ of Habeas Corpus, pp. 27-27A. Specifically, Bayot claims that his trial counsel should have objected when a prosecutor, without the jury present, informed the judge that she had instructed police officers who were to testify not to mention, in their testimony, that there were warrants for Bayot's arrest. *See id*.

Bayot asserted such a claim in his state habeas action. *See* Petition for Writ of Habeas Corpus, Exhibit 69, pp. 9-9D. The state district court denied that claim, ruling as follows:

> Defendant's claim that counsel erred in not objecting when the prosecutor instructed the police officers on how to testify is without merit and belied by the record. *See* Ground 2, p. 9C. The record shows the prosecutor was concerned it would be revealed to the jury through the arresting officers' testimony about the circumstances of Defendant's arrest that Defendant was being arrested for existing warrants. To that end, a hearing was conducted on February 7, 2011, regarding the officers' proposed testimony, wherein the prosecutor made the remark Defendant now complains of. *See* State's Exhibit 3. The parties then briefed the issue of the constitutionality of the underlying search. *See* Ground 2, p. 8. Ultimately, the officers testified at trial about the full circumstances surrounding Defendant's arrest. As such the prosecutor's statement Defendant now complains of was never made before the jury. The prosecutor therefore did not instruct the witnesses on how to testify. It follows counsel cannot be deemed ineffective for not objecting to the prosecutor's statement at the pre-trial hearing.

Findings of Fact, Conclusions of Law and Order, Exhibit 84, pp. 5. On the appeal in the state habeas action, the Nevada Supreme Court ruled, as follows, on this claim:

> Tenth, appellant claimed that his trial counsel was ineffective for failing to object to prosecutorial misconduct when the prosecutor stated she instructed the officers how to testify. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant was arrested for misdemeanor warrants, and the subsequent inventory search of the vehicle revealed counterfeit bills. At a pretrial hearing, the prosecutor expressed concern that the circumstances of appellant's arrest, his misdemeanor warrants, would be revealed to the jury, and the prosecutor suggested that the officers omit the outstanding warrants in their testimony. Ultimately, the officers testified at trial about the full circumstances surrounding appellant's arrest. Appellant failed to demonstrate that counsel's performance was objectively unreasonable when he did not object to the prosecutor's statements at a pretrial hearing. Furthermore, appellant failed to demonstrate that an objection would have had a reasonable probability of changing the outcome of the proceedings. Therefore, the district court did not err in denying this claim.

16

1    Order of Affirmance, Exhibit 96, pp. 5-6.

2           This claim is meritless.  As the Nevada Supreme Court stated, the police officers ultimately

3    testified regarding the circumstances of appellant's arrest.  *See* Testimony of Zachary Baughman,

4    Transcript of Trial, March 1, 2011, Exhibit 24, pp. 15-16, 18-19, 26; Testimony of John Leon,

5    Transcript of Trial, March 1, 2011, Exhibit 24, p. 34.  There is no showing that the prosecution

6    elicited false testimony from the officers.  The Nevada Supreme Court's ruling on this claim was not

7    contrary to, or an unreasonable application of, Supreme Court precedent.  The court will deny Bayot

8    habeas corpus relief with respect to Ground 13.

9    Bayot's Motions

10          As the court determines that Bayot's claims for habeas corpus relief have no merit, the court

11   will deny his motion for appointment of counsel (ECF No. 29).  "Indigent state prisoners applying

12   for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular

13   case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v.*

14   *Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th

15   Cir.1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings

16   "if the interests of justice so require."  *See* 18 U.S.C. § 3006A; see also, Rule 8(c), Rules Governing

17   § 2254 Cases; *Chaney*, 801 F.2d at 1196.  Appointment of counsel is not unwarranted in this case.

18          The court will also deny Bayot's motion to extend his prison copywork limit (ECF No. 30).

19   The court finds the claims in Bayot's habeas petition to be without merit.  Judgment will be entered,

20   bringing this action to its conclusion.  Under the circumstances, the court need not take action with

21   respect to Bayot's access to copies at the prison where he is incarcerated.

22   Certificate of Appealability

23          The standard for issuance of a certificate of appealability calls for a "substantial showing

24   of the denial of a constitutional right."  28 U.S.C. §2253(c).  The Supreme Court has interpreted

25   28 U.S.C. §2253(c) as follows:

26

1
2
3

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

4  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79

5  (9th Cir. 2000).  The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*,

6  537 U.S. 322 (2003).  The Court stated in that case:

7
8
9
10
11

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

12  *Miller-El*, 123 S.Ct. at 1040 (quoting *Slack*, 529 U.S. at 484).

13  The court has considered Bayot's claims, with respect to whether they satisfy the standard for

14  issuance of a certificate of appeal, and the court determines that none do.

15  **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel

16  (ECF No. 29) is **DENIED**.

17  **IT IS FURTHER ORDERED** that petitioner's motion to extend prison copywork limit

18  (ECF No. 30) is **DENIED**.

19  **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 7)

20  is **DENIED**.

21  **IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

22  **IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT**

23  **ACCORDINGLY.**

24  DATED:  This 4th day of March, 2016.

25
26

_____
UNITED STATES DISTRICT JUDGE